**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TIMOTHY A. DAY, | : | **Hon. Robert B. Kugler** |
| Plaintiff, | : | Civil No. 06-3339 (RBK) |
| v. | : | |
| FED. BUREAU OF PRISONS, et al., | : | **O P I N I O N** |
| Defendants. | : | |

**APPEARANCES:**

　　TIMOTHY A. DAY, #43134-018, Plaintiff Pro Se
　　F.C.I. Fort Dix
　　P.O. Box 7000
　　Fort Dix, New Jersey  08640

**KUGLER**, District Judge

　　Plaintiff Timothy A. Day, a prisoner confined at the Federal Correctional Institution at Fort Dix, New Jersey ("FCI Fort Dix"), seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915.  This Court (1) grants Plaintiff's application to proceed in forma pauperis; (2) directs the Clerk to file the Complaint without pre-payment of the filing fee; (3) assesses the $350.00 filing fee against Plaintiff; (4) directs the Bureau of Prisons ("BOP") to calculate an initial partial filing fee and forward same to the Clerk, when funds exist in Plaintiff's prison account; and (5) directs the BOP to forward payments from Plaintiff's prison account to the Clerk each month that the

amount in the account exceeds $10.00, until the $350.00 filing fee is paid in full.  See 28 U.S.C. § 1915(a), (b).  Having screened the Complaint, as required by 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1), the Court dismisses the Complaint for failure to state a claim upon which relief may be granted.

## I.  BACKGROUND

Plaintiff asserts violations of his constitutional rights under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), arising from his incarceration at FCI Fort Dix.  Plaintiff asserts the following facts.  On December 28, 2005, Plaintiff "checked into Protective Custody" and Defendant, Lt. Maldanado, conducted an investigation.  (Compl. ¶ 6.)  Plaintiff alleges that Maldanado subsequently recommended that, because "none of the inmates of threat to [Plaintiff] admitted there was a problem," Plaintiff should be returned to "the compound."  (Id.)  Plaintiff asserts that the Warden and the other Defendants, in accordance with BOP policy, ordered Plaintiff returned to the compound.  (Id.)  Plaintiff insists that he is "be[ing] ordered back to an environment putting [him] in grave danger."  (Id.)  He states that he refused to "follow [the order] because the inmates in question will cause [him] bodily harm possibly resulting in death."  (Id.)

Plaintiff further alleges that, as a result of his refusal to return to the compound, officials charged him with a

disciplinary infraction for "refusing to work or accept a program assignment." (Id.)  Plaintiff asserts that Maldanado advised him that, if Plaintiff continues to refuse to return to the compound, officials will continue to charge him with a disciplinary code violation and may eventually transfer him to a higher security facility.  (Id.)

Plaintiff claims that Defendants are violating his constitutional rights by charging him with disciplinary infractions for refusing to follow the order to return to the compound.  (Id.)  Plaintiff seeks injunctive relief transferring him to a low security facility in this region and damages.  (Id. ¶ 7.)

## II. STANDARD FOR SUA SPONTE DISMISSAL

The in forma pauperis statute, as amended by the Prison Litigation Reform Act (?PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may

3

be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Swierkiewicz v. Soreman, 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004).

### III.  DISCUSSION

Federal courts are courts of limited jurisdiction.  See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986).  A district court may exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be

made, under their authority."  U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

In Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights."  Correctional Services Corp. v. Malesko, 534 U.S. 61, 66 (2001).  The Supreme Court found an implied damages remedy available under the Fourth Amendment.  See Bivens, 403 U.S. at 397.  The Supreme Court has recognized an implied damages remedy under the Due Process clause of the Fifth Amendment, see Davis v. Passman, 442 U.S. 228 (1979), and the Cruel and Unusual Punishment clause of the Eighth Amendment, see Carlson v. Green, 446 U.S. 14 (1980).  To state a claim for damages under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), a plaintiff must show that federal officers violated his constitutional rights.  See Malesko, 534 U.S. at 66.

Plaintiff asserts that Defendants are violating his Eighth Amendment rights by charging him with a disciplinary infraction for refusing to follow an order to return to the compound.  The Court construes Plaintiff's allegations as a potential failure-to-protect claim under the Eighth Amendment and Bivens.  "The Eighth Amendment imposes the constitutional limitation upon punishments:  they cannot be 'cruel and unusual.'"  Rhodes v.

5

Chapman, 452 U.S. 337, 345 (1981).  "[I]t is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."  Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citations and internal quotation marks omitted).  The Eighth Amendment prohibits conditions which involve the unnecessary and wanton infliction of pain or are grossly disproportionate to the severity of the crime warranting imprisonment.  Rhodes, 452 U.S. at 346, 347.

Prison officials have a duty under the Eighth Amendment to "take reasonable measures to guarantee the safety of the inmates."  Farmer, 511 U.S. at 832 (quoting Hudson v. Palmer, 468 U.S. 517, 526-7 (1984)).  To state a failure-to-protect claim, an inmate must show that he is objectively "incarcerated under conditions posing a substantial risk of serious harm" and that the Defendant knows of and disregards that risk.  Farmer, 511 U.S. at 837.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id.

As written, Plaintiff's claim fails to satisfy either the objective element or the subjective element.  He asserts that he checked into protective custody, that Defendants conducted an investigation regarding his safety in the compound and determined that he could be safely returned, and that Plaintiff refused to

follow an order to return to the compound. His allegations do not support an inference that he was incarcerated under conditions posing a substantial risk to his safety. "A pervasive risk of harm may not ordinarily be shown by pointing to a single incident or isolated incidents, but it may be established by much less than proof of a reign of violence and terror." Riley v. Jeffes, 777 F.2d 143, 147 (3d Cir. 1985) (citations omitted). Moreover, although Plaintiff believes that his life would be in danger if he were returned to the compound, he asserts that Defendants did not return him to the compound.

Plaintiff's allegations likewise fail to satisfy the subjective component. Plaintiff does not assert that Defendants subjectively knew that he faced an excessive risk of assault if he were returned to the compound. Rather, Plaintiff alleges that Defendants, after investigation, determined that he would be safe. Because Plaintiff's allegations do not show that Defendants knew of and disregarded an excessive risk to his safety, the Court will dismiss the Complaint.

## IV. CONCLUSION

The Court grants in forma pauperis status and dismisses the Complaint.

                               S/Robert B. Kugler
                               **ROBERT B. KUGLER, U.S.D.J.**

DATED:   August 11  , 2006